Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'... 'JAN 15 PM 4: 40

CLERK OF COURT

BY_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CF499-08** |
| **OF** | ) |
| **ARNOLD B. KITANO,** | ) **AMENDED DECISION AND ORDER** |
| **Defendant.** | ) **(Defendant's Motion to Dismiss; and in the Alternative Motion in Limine to Exclude Undisclosed Discovery Evidence)** |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 7, 2009 and January 12, 2009, for a hearing on Arnold B. Kitano's ("Defendant") Motion to Dismiss and in the Alternative Motion in Limine to Exclude Undisclosed Discovery Evidence. Defendant was represented by attorney Stephen Hattori of Alternate Public Defender. Attorneys Kimberli Raines and Jeffery Moots appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

The People filed their additional witness list on January 6, 2009, less than 24 hours prior the commencement of trial. See People's Supplemental Witness List (January 6, 2009). The People added an additional two names on their witness list that were on the initial witness list

People of Guam v. Arnold Kitano, CF499-08
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

Page 1 of 8

the People filed in December 4, 2008. See People Witness List. The two additional witnesses added were Officer Tainatongo and Akson Niosy ("Niosy"). Id. Officer Tainatongo was offered as a witness because he took photographs of the victim and the crime scene and prepared a police report. See Defendant's Motion to Dismiss. Niosy was offered as a witness because he made a written statement regarding Defendant. Id.

On January 7, 2009, Defendant filed a Motion to Dismiss; and In the Alternative Motion in Limine to Exclude Undisclosed Evidence. Defendant's Motion to Dismiss at 1-2 (January 7, 2009). Defendant argued that the late disclosure is prejudicial to Defendant because it did not afford him adequate time to interview the potential witnesses and properly review the photographs, the police report and Niosy's statement. Id. at 2. The Court now addresses Defendant's Motion to Dismiss and Alternative Motion in Limine to Exclude Undisclosed Evidence.

## DISCUSSION

### I.     Motion to Dismiss

Defendant asked the Court to dismiss this case based on the People's failure to disclose photographs, police field notes and a written statement of a potential witness. Defendant's Motion to Dismiss at 1-2 (January 7, 2009). When a valid court order is violated the court must determine whether a particular sanction is appropriate to remedy the infraction. People v. Tuncap, 1998 Guam 13, ¶ 23. If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances. 8 G.C.A. § 70.45. The appropriateness of the sanction rests in the court's discretion. Tuncap, 1998 Guam at ¶ 24 (citing United States v. Gee, 695 F.2d 1165, 1168 (9th Cir. 1983)). But the court must choose a sanction

People of Guam v. Arnold Kitano, CF499-08                                                    Page 2 of 8
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

that is proportionate to the misconduct. Id. (citing Gee, 695 F.2d at 1168). The Court should impose the least severe sanction that would result in prompt and full compliance with the court's discovery orders. Id. (citing United States v. Sarcinelli, 667 F.2d 6, 7 (5th Cir. 1982).

When deciding the appropriateness of a sanction the court uses the following factors: (1) reasons why the disclosure was not made; (2) the extent of the prejudice, if any, to the opposing party; (3) the feasibility of rectifying that prejudice by continuance, and (4) any other relevant circumstances. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7).

On November 21, 2008, the Court issued a Criminal Trial Scheduling Order. Pursuant to the Criminal Trial Scheduling Order issued by the Court, the People had an obligation to turn over Officer Tainatongo's photographs and police report, and Niosy's statement. Criminal Trial Scheduling Order. The Court will now address whether sanctions are appropriate under Tuncap.

### A. Officer Tainatongo's Photographs and Police Report

The Court will now address the photographs and Police report taken by officer Tainatongo. Under the test set forth in Tuncap, the Court must first look at the People's reasons why the disclosure of the Officer Tainatongo's photographs and police report were not made in a timely manner. The People have articulated that they only found out about the photographs taken by Officer Tainatongo on January 6, 2009, and on the same day, delivered the photographs to the Defendant. Motion Hearing at 11:27 a.m. (January 7, 2009). Attorney General's Office Investigator Maria Apuron ("Apuron") testified she discovered Officer Tainatongo's photographs and police from a "follow-up" interview with Officer Camacho – who is also assigned at the Guam Police crime lab. Id. at 1:49 p.m.; People's Opposition to Defendant's Motion to Dismiss at 2 (January 7, 2009). Apuron testified that she was aware that Guam Police crime lab – where Officer Tainatongo was assigned – was involved in the investigation when she

People of Guam v. Arnold Kitano, CF499-08                                    Page 3 of 8
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

requested and picked up Officer Camacho's photographs. Motion Hearing at 1:48 p.m. (January 12, 2009).

The People stated that Officer Tainatongo took pictures on October 13, 2008, the day the alleged crime occurred. Motion Hearing at 11:27 a.m. (January 7, 2009). Officer Tainatongo's photographs show the Chun Ludwick's (Ludwick), who is the victim, injuries and Ludwick's business – where the alleged crime occurred. Officer Tainantongo's police report was made to accompany the photographs taken on October 13, 2008. See Defendant's Motion to Dismiss. Officer Tainatongo's photographs and police report were made on the day of alleged crime, which should have been the first place that the People would begin the investigation. The People had ample time to discover Officer Tainatongo's photographs and police report when the photographs were taken on October 13, 2008. The People had opportunities to interview Officer Camacho prior to January 6, 2008, and could have found out about Officer Taingatongo's photographs at an earlier date. The People were aware that Guam Police crime lab – where Officer Tainatongo is assigned – was involved in the case. Motion Hearing 1:48 p.m. (January 12, 2009). The Court cannot find their reason for delay acceptable. Therefore, the Court finds that the People's reason is not sufficient to excuse the disclosure of Officer Tainatongo's photographs and police report on the eve of trial.

The Court must next look at what is the extent of prejudice to the Defendant. The People offer that Defendant had eight days to review Officer Tainatongo's photographs and police report, and suffered no prejudice. Id. at 1:54 p.m. The Court disagrees. The People failed to recognize that jury selection had already begun. Coordinating an interview with Officer Tainatongo may not be as easy as the People argue – especially when jury selection has

People of Guam v. Arnold Kitano, CF499-08                                    Page 4 of 8
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

commenced. Therefore, the court finds Defendant has suffered prejudice resulting from the People's delay in turning over Officer Tainatongo's photographs and police report.

The People also argued that there is no prejudice to the Defendant because the photographs taken by Officer Tainatongo were similar to photographs taken by Officer Camacho. Motion Hearing at 11:28 a.m. (January 7, 2009). The Court disagrees. Officer Tainatongo took his set of photographs on October 13, 2008. Motion Hearing at 11:26 a.m. (January 7, 2009). Officer Camacho took his set of photographs, on October 25, 2008. Id. The Court finds that there is a gap of almost two weeks difference between when Officer Tainatongo took photographs of the victim and the crime scene and when Officer Camacho took photographs of the victim and the crime scene. Because of the gap in time the Court finds that there are serious questions as to whether the photographs are similar in nature. Therefore, the court finds Defendant has suffered prejudice resulting from the People's delay in turning over Officer Tainatongo's photographs and police report.

The Court must next look at the feasibility of rectifying that prejudice by continuance. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7). The People argued that a continuance is the proper remedy. People's Opposition to Defendant's Motion to Dismiss at 3-4 (January 7, 2009). The Court disagrees. The Defendant asserted his right of speedy trial on November 12, 2008. See 8 G.C.A. § 80.60(a)(2). A continuance would mean that the trial would effectively stop. Defendant's 45 days have been exhausted. Id. The Court will not continue this matter. Therefore, the Court finds that sanctions are appropriate under Tuncap.

**B. Akson Niosy's Statement**

The Court will now address Niosy's statement. Under the test set forth in Tuncap, the Court must first look at the People's reasons why the disclosure of Niosy's statement was not

People of Guam v. Arnold Kitano, CF499-08                                    Page 5 of 8
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

made in a timely manner. On December 19, 2008, Apuron interviewed Niosy after receiving information independent to any police report filed in this case. Motion Hearing at 1:44 p.m. (January 12, 2009). Subsequent to the interview, Apuron received the written statement from Niosy on December 19, 2008, but the People did not hand over the written statement to the Defendant until January 6, 2009. Motion Hearing at 11:27 a.m.; Motion Hearing at 1:47 p.m. (January 12, 2009). The People admit that they cannot give any reason why the written statement was not handed over to the Defendant. Id. at 11:27 a.m. (January 7, 2009). The People stated also that they understood that they are under a continuing duty to deliver the Niosy's written statement. See 8 G.C.A § 70.40. But the People did not turn over Niosy's statement until January 6, 2009. Therefore, the Court finds that the People cannot give the Court an adequate reason for the delay of almost three weeks to deliver Niosy's written statement to the Defendant.

The Court must next look at what is the extent of prejudice to the Defendant. The People offer that Defendant had eight days to review Niosy's statement, and suffered no prejudice. Motion Hearing at 1:54 p.m. (January 12, 2009). The Court disagrees. The People forget that during those eight days Defendant was and is preoccupied with jury selection and trial preparation. Coordinating an interview with Niosy – who is represented by counsel – may not be as easy as the People argue – especially when jury selection has commenced. Defendant did not have the luxury of reviewing Niosy's statement since December 19, 2008 – as did the People. Therefore, the court finds Defendant has suffered prejudice resulting from the People's delay in turning over Niosy's statement.

The Court must next look at the feasibility of rectifying that prejudice by continuance. Tuncap, 1998 Guam at ¶ 25 (citing Sarcinelli, 667 F.2d at 7). The People argued that a continuance is the proper remedy. People's Opposition to Defendant's Motion to Dismiss at 3-4

People of Guam v. Arnold Kitano, CF499-08                                    Page 6 of 8
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

(January 7, 2009). The Court disagrees. The Defendant asserted his Sixth Amendment right of speedy trial on November 12, 2008. See 8 G.C.A. § 80.60(a)(2). A continuance would mean that the trial would effectively stop. Defendant's 45 days have been exhausted. Id. The Court will not continue this matter because Defendant asserted his Sixth Amendment right to speedy trial. Therefore, the Court finds that sanctions are appropriate under Tuncap.

### C. Remedy of the Delay in Turning over Discovery

The Defendant argued that dismissal is the adequate remedy for the People's delay in discovery. Defendant's Supplemental Motion to Dismiss at 4 (January 7, 2009). The court disagrees. The sanction of dismissal is a disfavored remedy. Tuncap, 1998 Guam at ¶ 26 (citing People v. Marada, Crim. No. CR94-00070A, 1995 WL 604365 D.Guam App. Div. Sept. 18, 1995(citing United States v. Rodgers, 751 F.2d 1074, 1076-77 (9th Cir. 1985))). "Dismissal of an indictment is considered a drastic step and is generally disfavored as a remedy." People v. Muna, 999 F.2d 397, 399 (9th Cir. 1993) (citing United States v. Rogers, 751 F.2d 1074, 1076-77 (9th Cir. 1985); See Marada, 1995 WL 604365 (Court stated that the sanction for dismissal is a disfavored remedy). Dismissal of an indictment occurs when the government's misconduct is so outrageous and violates justice. Tuncap, 1998 Guam at 26 (citing Marada, 1995 WL 604365). The Court may impose sanctions that are less harsh than an outright dismissal, instead of preventing the case from going forward. Id. at ¶¶ 27-28. The Court determines that a dismissal is not warranted in the present case. But finds that the less harsh sanction of exclusion of Officer Tainatongo's photographs and police report, and exclusion of Niosy's statement are more appropriate remedies.

The People never intended to conceal Officer Tainatongo's photographs or police report, or Niosy's statement. Motion Hearing at 2:00 p.m. (January 12, 2009). The delay was due to the

People of Guam v. Arnold Kitano, CF499-08
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

Page 7 of 8

information "falling through the cracks" at the Attorney General's office. Id. at 2:01 p.m. But the People's oversights caused prejudice to Defendant. The Court determines that the People's oversight was not so outrageous to warrant a dismissal with prejudice, but rather warrants an exclusion of the undisclosed discovery – which is a less harsh remedy to the prejudice suffered as a result of the People's delay in turning over discovery. Therefore, the Court will deny the Defendant's Motion to Dismiss, but will grant Defendant's Alternative Motion in Limine to Exclude Undisclosed Discovery Evidence.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Motion to Dismiss, but GRANTS Defendant's Alternative Motion to Exclude Undisclosed Discovery Evidence.

**SO ORDERED** this _15_ day of _Jan_, 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

JAN 15 2008

James R. Borja
Deputy Clerk, Superior Court of Guam

People of Guam v. Arnold Kitano, CF499-08
Decision and Order – Motion to Dismiss; and in the Alternative
Motion in Limine to Exclude Undisclosed Discovery Evidence

Page 8 of 8